UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERROD VAN RICHARDSON, SR.,

    Petitioner,

v.       Case No. 3:06-cv-23-J-12HTS
                  3:88-cr-215-J-12

UNITED STATES OF AMERICA,

    Respondent.

_____

**O R D E R**

This cause is before the Court on the Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to §2255(3)" (Civ. Doc. 1, Crim Doc.1746), filed January 9, 2006.

The Petitioner asserts that the United States Supreme Court cases of United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) are new rules of constitutional law made retroactive to cases on collateral review. As a result, he claims that he is due to be re-sentenced in accordance with those cases.

The Court must dismiss the Petitioner's § 2255 motion without prejudice. The Court is without jurisdiction to consider it inasmuch as it is a successive motion[1] filed without first obtaining permission from the Eleventh Circuit Court of Appeal. Moreover, the Eleventh Circuit has held that Booker and Blakely do not qualify as new rules of constitutional law for §2255 purposes because the Supreme Court has not made them retroactively available

_____

[1] This is the Petitioner's second § 2255 motion. See Crim. Docs. 1438 and 1457.

on collateral review. In re Anderson, 396 F.3d 1336, 1339 (11th Cir.2005)(addressing Booker), In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(addressing Blakely). Accordingly, it is

**ORDERED AND ADJUDGED:**

That the Petitioner's second § 2255 motion (Civ.Doc. 1, Crim.Doc.1746) is dismissed without prejudice for failure to obtain permission from the Eleventh Circuit Court of Appeals, the civil case is dismissed without prejudice, and the Clerk is directed to enter judgment, close the civil case, and terminate the criminal motion.

**DONE AND ORDERED** this __11TH__ day of January 2006.

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
   AUSA (Ronca)
   Petitioner